UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSE JONES<br>9162 Wayne Avenue<br>Malvern, OH 44644<br><br>and<br><br>NICOLE FANKHAUSER<br>2512 8th Street NW<br>Canton, Ohio 44708<br><br>Plaintiffs,<br><br>vs.<br><br>ANIMAL ENTERPRISE WORLDWIDE, LLC<br>28901 State Route 30<br>Kensington, Ohio 44427<br><br>and<br><br>KYLE GRAY<br>c/o Animal Enterprise Worldwide, LLC<br>28901 State Route 30<br>Kensington, Ohio 44427<br><br>Defendants. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now come Plaintiff Jesse Jones ("Jones") and Plaintiff Nicole Fankhauser ("Fankhauser") (Jones and Fankhauser collectively "Plaintiffs"), by and through counsel, and for their Complaint against Animal Enterprise Worldwide, LLC ("ATW") and Kyle Gray ("Gray") (ATW and Gray collectively "Defendants"), state and allege the following:

## INTRODUCTION

1. Plaintiffs brings this lawsuit as a result of Defendants' failure to pay Plaintiffs the minimum wage for all of the hours they worked, and overtime compensation at the rate of one

1

and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiffs' OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## **PARTIES**

5. At all times relevant herein, Plaintiffs were citizens of the United States and citizens of Ohio.

6. At all times relevant herein, Plaintiffs were employees within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants maintained their principal place of business in Columbiana County, Ohio and Plaintiffs worked out of the Columbiana County office

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

13. Defendants are in the business of providing animal transportation services.

14. Plaintiff Jones was employed by Defendants between May 2018 and May 2020 as a driver.

15. Plaintiff Fankhauser was employed by Defendants between April 2019 and April 2020 as a driver.

16. Plaintiffs Jones's and Fankhauser's job duties included picking up, transporting, and dropping off various animals to customer pet owners.

17. Plaintiffs were paid variously throughout their employment on a per diem and hourly basis.

18. Defendants failed to compensate Plaintiffs overtime for hours worked over 40 per week and/or minimum wages for certain weeks.

**(Failure to Pay Overtime Compensation)**

19. Defendants failed to pay Plaintiffs overtime compensation for the hours they worked over 40 each workweek.

20. Plaintiff Jones kept records of the hours that he worked, showing that he many times exceeded 40 hours per workweek during his employment.

21. Plaintiff Fankhauser estimates that she many times worked more than 40 hours per workweek during her employment.

22. Although Defendants kept incomplete records for Plaintiffs' hours, Defendants' existing records show—and Defendants have knowledge—that Plaintiffs worked over 40 hours per week for many weeks during their employment.

23. Defendants knowingly and willfully failed to pay Plaintiffs overtime compensation for the majority of the hours they worked in excess of 40 hours each week.

**(Failure to Pay Minimum Wages)**

24. Defendants failed to pay Plaintiffs the minimum wage.

25. Plaintiff Jones kept records of the hours that he worked, showing that he worked on average in excess of 70 hours a week, and often in excess of 100 hours a workweek, during his employment.

26. Plaintiff Fankhauser estimates that she worked regularly over 70 hours a week, and often in excess of 100 hours a workweek, during her employment.

27. Although Defendants kept incomplete records for Plaintiffs' hours, Defendants' existing records show—and Defendants have knowledge—that Plaintiffs worked on average in excess of 70 hours, and often in excess of 100 hours a workweek during their employment.

28. Defendants knowingly and willfully failed to pay Plaintiffs minimum wages during Plaintiffs' employment.

**(Failure to Keep Accurate Records)**

29. Defendants failed to make, keep, and preserve records of hours for many of the hours worked by Plaintiffs.

30. As a result of Defendants' record-keeping practices, the work Plaintiffs performed is largely unrecorded in Defendants' time and earnings records.

**(Defendants Willfully Violated the FLSA)**

31. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA and OMFWSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

32. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

33. Defendants' failure to pay Plaintiffs the applicable minimum wage for all of the hours they worked each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

34. Defendants' failure to pay Plaintiffs overtime compensation at the rate of one and one-half their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

35. Defendants' failure to keep accurate records of all of the hours Plaintiffs worked each workday and the total hours Plaintiffs worked each workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

36. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

37. As a result of Defendants' practices and policies, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Minimum Fair Wage Standards Act Violations)

38. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Defendants' failure to pay Plaintiffs the applicable minimum wage for all of the hours they worked each workweek violated the OMFWSA, O.R.C. § 4111.14.

40. Defendants' failure to pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

41. Defendants' failure to keep records of all of the hours Plaintiffs worked each workday and the total hours Plaintiffs worked each workweek violated the OMFWSA, O.R.C. § 4111.08.

42. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

43. As a result of Defendants' practices, Plaintiffs have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiffs actual damages for unpaid overtime compensation;

B. Award Plaintiffs actual damages for unpaid minimum wages;

C. Award Plaintiffs liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiffs under the FLSA;

D. Award Plaintiff liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiffs under the OMFWSA;

E. Award Plaintiffs pre- and post-judgment interest at the statutory rate;

F. Award Plaintiffs attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ David J. Steiner
David J. Steiner (0075217)
Anthony J. Lazzaro (0077962)
Thomas W. Dominic (0089686)
The Lazzaro Law Firm, LLC
The Heritage Building
Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
david@lazzarolawfirm.com
anthony@lazzarolawfirm.com
thomas@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ David J. Steiner
One of the Attorneys for Plaintiff