UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JESSE JONES, et al., | CASE NO. 1:21-cv-00653 |
| Plaintiffs, | ORDER<br>[Resolving Doc. 12] |
| v. |  |
| ANIMAL ENTERPRISE WORLDWIDE, LLC, et al., |  |
| Defendants. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this Fair Labor Standards Act suit, Plaintiffs Jesse Jones and Nicole Fankhauser move for default judgment against Defendant Animal Enterprise Worldwide, LLC and Defendant Kyle Gray.[1]

For the following reasons, the Court **GRANTS** Plaintiffs' motion for default judgment. As damages, the Court awards Plaintiff Jones $93,613.41 in unpaid overtime compensation, unpaid minimum wages, and liquidated damages.  The Court awards Plaintiff Fankhauser $53,558.13 in unpaid wages and liquidated damages.

In addition, the Court awards $25,402 in attorneys' fees and costs.  Finally, the Court grants Plaintiffs' request for post-judgment statutory interest.

I. Background

By defaulting, Defendants admit Plaintiffs' allegations.[2]  The Court therefore accepts the facts in Plaintiffs' complaint as true.

---

[1] Doc. 12.
[2] Fed. R. Civ. P. 8(b)(6).

Case No. 1:21-cv-00653
Gwin, J.

Defendant Animal Enterprise Worldwide, LLC is an animal transportation business.[3] While employed at the business, Plaintiff Jones and Plaintiff Fankhauser transported pets.[4] Plaintiff Jones worked for Defendant Animal Enterprise Worldwide from May 2018 to May 2020.[5] From April 2019 to April 2020, Plaintiff Fankhauser worked for the business.[6]

Defendants sometimes paid Plaintiffs a per-diem stipend and sometimes paid them hourly.[7] Defendants violated FLSA and Ohio law by failing to pay sufficient overtime wages to Plaintiffs for the hours they worked over 40 hours per week.[8] Defendants also violated FLSA and Ohio law by reducing Plaintiffs' hourly wage below the minimum wage level.[9]

Before Plaintiffs filed this federal court suit, they communicated with Defendants' counsel about their unpaid wage claims.[10] Defendants' counsel sent Plaintiffs their pay records.[11]

Plaintiffs filed this lawsuit in March 2021.[12] Plaintiffs attempted service by certified mail.[13] The summons and complaint returned unexecuted.[14] On Plaintiffs' request, the Clerk served Defendants by ordinary mail.[15] Plaintiffs complied with the service requirements under Ohio Rule of Civil Procedure 4.1 and Local Rule 4.2.[16]

---

[3] Doc. 1 at ¶ 13.
[4] *Id.* at ¶ 16.
[5] *Id.* at ¶ 14.
[6] *Id.* at ¶ 15.
[7] *Id.* at ¶ 17.
[8] *Id.* at ¶¶ 18-23.
[9] *Id.* at ¶¶ 24-28; *see also* Doc. 12-4 (Griffin Declaration) at ¶¶ 15-18, 23-24.
[10] Doc. 12-1 (Steiner Declaration) at ¶ 12.
[11] *Id.*
[12] Doc. 1.
[13] Doc. 5; Doc. 6.
[14] Doc. 5; Doc. 6.
[15] Doc. 4.
[16] Ohio Civ. R. 4.1; Northern District of Ohio Civil Rule 4.2.

Case No. 1:21-cv-00653
Gwin, J.

Defendants did not enter an appearance in the case. On September 20, 2021, the Clerk entered default against Defendants.[17]

Plaintiffs now ask the Court to enter default judgment.

Defendants did not respond to Plaintiffs' complaint, did not respond to the default entry, and did not respond to Plaintiff's motion for default judgment.

## II. Legal Standard

Federal Rule of Civil Procedure 55 governs default and default judgment. Once the Clerk enters default, the Court may enter default judgment without a hearing.[18] After a default, the Court can accept Plaintiffs' well-pleaded factual allegations as true for determining liability. Still, the Court must "determine whether those facts are sufficient to state a claim for relief."[19]

"[T]he party moving for a default judgment must present some evidence of its damages."[20] The Court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."[21] The Court may rely on affidavits to calculate damages.[22]

## III. Discussion

### a. Liability

Plaintiffs sue Defendants under FLSA and the Ohio Minimum Fair Wage Standards Act.[23] The Court analyzes those claims together because "Ohio law incorporates the FLSA's

---

[17] Doc. 11.
[18] Fed. R. Civ. Pro. 55(b).
[19] *Summit Tool Co. v. Xinkong USA, Inc.*, No. 5:20-cv-1182, 2021 WL 3190780, at *3 (N.D. Ohio July 28, 2021) (citing *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016)).
[20] *Clark v. Talk of Town Contract Services, LLC*, 1:21-CV-01369-PAB, 2022 WL 393934, at *2 (N.D. Ohio Feb. 8, 2022) (quotation marks omitted).
[21] *Thomas v. GC Restaurants, LLC*, 3:20-CV-300, 2021 WL 4147818, at *2 (S.D. Ohio Sept. 13, 2021) (quotation marks omitted).
[22] *Harrington v. Plehn-Dujowich*, 1:21-CV-00960-PAB, 2022 WL 462815, at *3 (N.D. Ohio Feb. 15, 2022)
[23] Doc 1 at ¶¶ 32-43.

Case No. 1:21-cv-00653
Gwin, J.

definitions, standards, and principles for its overtime compensation provisions."[24]

The Court finds that FLSA and the Ohio Minimum Fair Wage Standards Act apply to Defendant Animal Enterprise Worldwide. Defendant is an "enterprise engaged in commerce or in the production of goods for commerce."[25]

FLSA and its Ohio equivalent also apply to Defendant Kyle Gray as Plaintiffs' employer. "The Sixth Circuit uses the economic reality test to determine whether a person is an employer responsible for FLSA obligations."[26]

Defendant Kyle Gray is an employer under FLSA because he acted as a "person acting directly or indirectly in the interest of an employer in relation to an employee."[27] Defendant Gray directly supervised Plaintiffs, ran the company, and set Plaintiffs' compensation.[28]

### b. FLSA and Ohio Minimum Fair Wage Standards Act Violations

FLSA and the Ohio Minimum Fair Wage Standards Act require employers to pay overtime to non-exempt employees working over forty hours per week.[29] The overtime pay rate must be at least one and one-half times the regular pay rate.[30] FLSA and Ohio law also require employers to pay a minimum hourly wage.[31]

Plaintiffs established that Defendant violated FLSA and the Ohio Minimum Fair Wage Standards Act by failing to pay sufficient overtime wages and by failing to pay minimum

---

[24] *Mickens v. Sweet Twist Frozen Yogurt, LLC*, 2:20-CV-2244, 2021 WL 2069762, at *2 (S.D. Ohio May 24, 2021); *see also* Ohio Rev. Code § 4111.10(A).
[25] Doc. 1 at ¶ 10; 29 U.S.C. § 203(s)(1).
[26] *Clark*, 2022 WL 393934, at *2 (quotation marks omitted).
[27] 29 U.S.C. § 203(d).
[28] Doc. 12-2 (Jones Declaration) at ¶ 2; Doc. 12-3 (Fankhauser Declaration) at ¶ 2.
[29] 29 U.S.C. § 207(a)(1); Ohio Rev. Code § 4111.03(A).
[30] 29 U.S.C. § 207(a)(1); Ohio Rev. Code § 4111.03(A).
[31] 29 U.S.C. § § 206(a); Ohio Rev. Code. § 4111.02.

Case No. 1:21-cv-00653
Gwin, J.

wage in certain weeks.[32]

### c. Damages

#### i. Damages Entitlement

Plaintiffs request unpaid overtime compensation and unpaid minimum wages. Plaintiffs also request liquidated damages and post-judgment interest.

Plaintiffs provided sufficient documentation of their damages through affidavits. Plaintiffs calculated their unpaid wages using time and pay records that Defendants' former counsel provided.[33] Plaintiffs also used Plaintiff Jones' time records and Plaintiff Fankhauser's GPS records.[34]

Employers who violate FLSA must pay employees their unpaid overtime compensation, plus "an additional equal amount as liquidated damages."[35] FLSA liquidated damages "are compensation, not a penalty or punishment."[36]

Under Ohio law, employers who violate the minimum wage law must pay treble damages.[37]

#### ii. Damages Award

The Court awards unpaid overtime wages, unpaid minimum wages, liquidated damages, and post-judgment interest to Plaintiff Jones and Plaintiff Fankhauser.

Courts may decline to award liquidated damages from employers who prove good faith and reasonable grounds to believe that their actions did not violate FLSA.[38] Here,

---

[32] Doc. 1 at ¶¶ 17-31; Doc. 12-4 (Griffin Declaration) at ¶¶ 13-28.
[33] Doc. 12 at 9.
[34] *Id.*
[35] 29 U.S.C. § 216(b).
[36] *Elwell v. U. Hosps. Home Care Services*, 276 F.3d 832, 840 (6th Cir. 2002) (quotation marks omitted).
[37] Ohio Rev. Code § 4111.14(J) ("In accordance with Section 34a of Article II, Ohio Constitution, damages shall be calculated as an additional two times the amount of the back wages[.]").
[38] *Elwell*, 276 F.3d at 840.

Case No. 1:21-cv-00653
Gwin, J.

Defendants did not enter an appearance, let alone offer evidence that they acted in good faith.

The Court finds that post-judgment interest is appropriate under 28 U.S.C. § 1961. Under that statute, the interest rate is the "weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment."[39] As of February 25, 2022, that rate was 1.13%.[40]

### 1. Plaintiff Jones' Award

The Court awards $11,621.45 in unpaid minimum wages and $29,374.53 in unpaid overtime wages to Plaintiff Jones.[41] For Plaintiff Jones' minimum wage claim, Ohio law requires liquidated damages as two times the amount of back wages, or $23,242.90. For Plaintiff Jones' overtime wage claim, FLSA requires an equal amount in liquidated damages, or $29,374.53.

Plaintiff Jones' total unpaid wage and liquidated damages award is $93,613.41.

### 2. Plaintiff Fankhauser's Award

The Court awards $2,115.41 in unpaid minimum wages and $23,605.95 in unpaid overtime compensation to Plaintiff Fankhauser.[42] For the minimum wage claim, The Court also awards $4,230.82 in liquidated damages, or two times the unpaid minimum wages, following Ohio law. For the overtime claim, the Court awards $23,605.95 in liquidated damages.

Plaintiff Fankhauser's total unpaid wage and liquidated damages award is

---

[39] 28 U.S.C. § 1961(a).
[40] *Interest Rate Statistics*, https://home.treasury.gov/policy-issues/financing-the-government/interest-rate-statistics (last visited Feb. 28, 2022).
[41] *See* Doc. 12 at 9; Doc. 12-4 (Griffin Declaration) at ¶¶ 13-21.
[42] *See* Doc. 12 at 9; Doc. 12-4 (Griffin Declaration) at ¶¶ 22-28.

Case No. 1:21-cv-00653
Gwin, J.

$53,558.13.

### d. Attorneys' Fees and Costs

When a plaintiff prevails on a FLSA claim, FLSA requires the Court to award a "reasonable attorney's fee to be paid by the defendant, and costs of the action."[43]

To decide a reasonable attorney's fee, "a district court begins by determining the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney," multiplied by the attorney's "court-ascertained reasonable hourly rate."[44]

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record."[45] A district court may consider "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests."[46]

Plaintiffs request $25,700 in attorneys' fees.[47] Four attorneys worked on the case, and the requested award reflects their different billing rates: (1) 40 hours at $400 per hour; (2) 6 hours at $450 per hour; (3) 12 hours at $500 per hour; and (4) 2 hours at $500 per hour.

The Court finds that reasonable attorneys' fees for this matter may not exceed $450 per hour. $450 per hour is reasonable because attorneys' fees range from $300 to $455 in many recent FLSA default judgment cases within the Sixth Circuit.[48] Those analogous cases,

---

[43] 29 U.S.C. § 216(b); *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 367 (6th Cir. 2014) (unpublished) ("An award of attorney's fees under § 216(b) is mandatory.").

[44] *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quotation marks omitted).

[45] *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

[46] *Waldo*, 726 F.3d at 821-22 (quotation marks omitted).

[47] Doc. 12 at 11-12.

[48] *Beaver v. Eastland Mall Holdings, LLC*, 2:20-CV-485, 2021 WL 1084610, at *4 (S.D. Ohio Mar. 22, 2021) (granting $300 per hour); *Jackson v. True Install LLC*, 120CV02256STAJAY, 2021 WL 6751886, at *2 (W.D. Tenn. June 1, 2021) (granting $350 per hour); *Harrington v. Plehn-Dujowich*, 1:21-CV-00960-PAB, 2022 WL 462815, at *9 (N.D. Ohio Feb. 15, 2022) (granting $375 per hour); *Strickling v. Harvard Gas Mart, Inc*, 1:20 CV 1129, 2021 WL 4777418, at

-7-

Case No. 1:21-cv-00653
Gwin, J.

paired with the Court's experience handling similar fee requests, justify limiting attorneys' fees to $450 per hour.

With the hourly rate capped at $450, the Court uses the lodestar method to calculate attorneys' fees: (1) 40 hours at $400 per hour, and (2) 20 hours at $450 per hour.

The Court awards $25,000 in attorneys' fees.

The Court grants Plaintiffs' request for costs: $402 for the filing fee.[49]

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. Defendants must pay Plaintiff Jones $93,613.41 plus post-judgment interest. Defendants must pay Plaintiff Fankhauser $53,558.13 plus post-judgment interest. Defendants also must pay $25,402 plus post-judgment interest in attorneys' fees and costs.

IT IS SO ORDERED.

Dated: February 28, 2022     *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

*2 (N.D. Ohio June 10, 2021) (granting $455 per hour).
[49] Doc. 12 at 12.